Porter, J.
The first of these actions in the order they are above stated, was commenced by the heirs of Marshall against the executors of Charles Norwood, alleging that the said Norwood, was appointed executor of the late William Marshall, of Baton Rouge; that he took upon himself the duties of said trust, and that he had received large sums of money *721 in that capacity, which he had refused to account for, or pay over.
The defendants answered this demand, by a general denial, and an averment dial the sum of $6000 was placed by their testator in the hands of A. L. Duncan, to answer any claim which the plaintiffs might have on it; that no suit had been commenced for this money, and that they are about to bring an action for it.
In pursuance to this intimation, the defendants in the case just stated, filed a petition, in which they stated, that on the 21st of December, 1816, Charles Norwood deposited the sum of $6000, in the hands of A. L. Duncan, for the purposes already mentioned.—That no such balance, as was alleged by the plaintiffs in the first action, was due the heirs of Marshall, and that consequently they were entitled in law, to demand and recover the money above mentioned.
To this the defendant answered. That he received the said sum of money, as attorney in fact, for the heirs of William Marshall, that there is a large sum due to them, that he was never able to procure a settlement with Norwood in his lifetime, nor with the plaintiffs, his executors. since his decease.
*722 By consent of parties, these cases have been consolidated. The statement of facts establishes, that there is a balance due by Norwood, to the heirs of Marshall, of $837 25 cents, and that the defendant Duncan had paid to Norwood, and for him, the sum of $ 1450; leaving a balance in his hands of $3712 75 cents.
It is in regard to this balance, or the greater part of it, that the dispute has arisen in this case, under the following circumstances:
On the death of Marshall, there was due, and owing to him by one William G. Garland, the sum of $2720, which debt was evidenced by an obligation drawn the 11th of November, 1803, payable one year after date, and bearing interest at the rate of ten per cent. Norwood suffered three years to elapse before he took any steps to recover or secure this demand; at the expiration of that time, he obtained a mortgage to assure the payment of this debt, and a large sum due to himself.—This obligation was taken in his own name, and not as executor.
Garland afterwards became insolvent, and it was discovered that a gross fraud had been committed on Norwood; that the negroes *723 hypothecated for this demand, had previously, under different names, been mortgaged to other persons.
The district judge decided, that the loss thus sustained, must be borne by the heirs of Marshall. From this decision they have appealed, and now insist that the executor, by not suing for the money, has made himself responsible for the sum due by Garland.
The executors of Norwood, on the other hand, allege, that if he had recovered the money, it would have been his duty to have lent it out on interest, and that he took every precaution to have the claim secured.
It was the duty of the executor, as soon as he had accepted this trust, to diligently fulfil the will of the testator. Par. 6, tit. 10, l. 6. And if no time was fixed, within one year at farthest, after his death. Ibid. In this case it is proved, that three elapsed before the executor took a single step to recover the money, or secure it for the heirs. This, in my opinion, was such negligence as makes him responsible for the loss that ultimately happened. Had he used the means which the law enabled him to do, years before Garland failed, there is every probability that *724 the money would have been secured for the heirs. Nor can I see that he is at all excused by at last taking security that turned out to be of no value.
This may be a hard case, but the law, in my opinion, is against the defendants, and it is our duty so to pronounce it. If a man undertakes an office of kindness, he must discharge the duty faithfully and prudently, otherwise he is responsible for the consequences. Par. 5 tit. 12, l. 20, 34,
I think, therefore, that the judgment of the district court ought to be annulled, avoided and reversed, and that ours should be, that the heirs of Marshall do recover of the defendant, A. L. Duncan, the sum of $3557 25 cents; that the executors of Norwood have judgment against him for the balance of the $6000 deposited in his hands, after deducting the amount of this judgment, in favour of said heirs, and the sum of $1450 paid to C. Norwood, in his lifetime, viz. for the sum of $992 75 cents; and that the executors of said Norwood pay costs in both courts.